IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JACK BROWN,<br><br>        Plaintiff,<br><br>vs.<br><br>I.R.S.,<br><br>        Defendant. | 8:24CV319<br><br>MEMORANDUM AND ORDER |

Plaintiff Jack Brown ("Plaintiff"), a non-prisoner, filed his Complaint on August 8, 2024 (the "Complaint"), Filing No. 1, which this Court construes as arising under 42 U.S.C. § 1983. Plaintiff has been given leave to proceed in forma pauperis. Filing No. 5.

The Court now conducts an initial review of Plaintiff's pro se Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e), and finds that it is. For the reasons that follow Plaintiff's Complaint shall be dismissed without prejudice.

**I. SUMMARY OF COMPLAINT**

Plaintiff brings suit against the Internal Revenue Service ("IRS") as the sole defendant. Filing No. 1 at 2. As a claim Plaintiff asserts the following single violation of 42 U.S.C. § 1983 under the Fourteenth Amendment:

> [Plaintiff] got sued for $640 in a debt collection case and [he has] waited 10 months for nothing to be done.

*Id.* at 3–4 . As relief, Plaintiff seeks $26 billion in damages "for allowing taxes to bankrupt the City of Omaha,"[1] and to abolish Nebraska's unicameral system.[2] *Id.* at 4.

## II. APPLICABLE STANDARDS ON INITIAL REVIEW

This Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). A complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief, must be dismissed. 28 U.S.C. § 1915(e)(2)(B).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). While "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties," *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted), pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or their complaint shall be dismissed. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has

---

[1] The Court notes that although Plaintiff does not list the City of Omaha as a plaintiff, he is without standing to sue on the city's behalf because, amongst other reasons, an individual plaintiff cannot sue for the alleged deprivation of the civil rights of others. *Tyler v. Ryan*, 419 F. Supp. 905, 906 (E.D. Mo. 1976) (citing *Elk Grove Firefighters Local No. 2340 v. Willis*, 391 F.Supp. 487 (N.D. Ill. 1975)).

[2] Nebraska's unicameral system is a governmental structure, created by state law, under which the Nebraska legislative body operates and over which this Court has no authority to abolish as the creation of this governmental system involves a question only of state law. See, e.g., *Herzog v. Scanlan*, No. 8:09CV149, 2009 WL 1649246, at *2 (D. Neb. June 9, 2009) (the revocation of a medical license is outside the scope of a federal court's authority as the issuance and revocation of a medical license involves a question of state law as governed by state statute).

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

### III. DISCUSSION OF CLAIMS

The Court has reviewed Plaintiff's Complaint, and although complaints filed by pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers, as set forth above, even pro se litigants must comply with the Federal Rules of Civil Procedure. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, *and also* must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

However, Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation ... be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (quoting *Twombly,* 550 U.S. at 555).

Here, Plaintiff's Complaint fails to meet this minimal pleading standard. For example, Plaintiff names the IRS as a defendant but the Court is unable to ascertain any connection between the IRS and Plaintiff's claim relating to a debt collection case, nor can it be determined how or when any alleged violative incident took place, or any detail of the resulting harm to Plaintiff as a result. To reiterate, the Court is unable to determine how the IRS is involved in the debt collection case Plaintiff references, when the case

took place, or the nature of the constitutional claim alleged, because Plaintiff does not allege any specific violations, connect the alleged violations to the IRS, or connect the specific relief sought with the IRS.

However, even if Plaintiff were to amend his complaint to address these deficiencies, it is well established that, absent an express waiver, the doctrine of sovereign immunity bars a plaintiff's claim for money damages against the United States, its agencies, and its officers in their official capacities. *See, e.g.*, *FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *United States v. Sherwood*, 312 U.S. 584, 586 (1941). "Sovereign immunity is jurisdictional in nature." *FDIC v. Meyer*, 510 U.S. at 475 (citing *United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction")). As the IRS is a federal agency, Plaintiff's suit is barred and must be dismissed.

IT IS THEREFORE ORDERED: The Complaint, Filing No. 1, is dismissed without prejudice for failure to state a claim on which relief may be granted. A separate judgment will be entered in accordance with this Memorandum and Order.

Dated this 22nd day of October, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge